IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JANELL MCDOWELL AND STEPHANIE SANDERS**, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) **CIVIL ACTION NO. 1:06-cv-314-CSC** |
| **SOUTHERN NUCLEAR OPERATING COMPANY, INC.**, | ) ) ) |
| Defendant. | |

## ANSWER

### I.   INTRODUCTION

Defendant Southern Nuclear Operating Company, Inc. ("Defendant" or "Southern Nuclear") respectfully submits its Answer and Defenses to the Complaint filed by Plaintiffs Janell McDowell and Stephanie Sanders ("Plaintiffs") as follows:

1.   Southern Nuclear admits that the federal statutes referenced in Paragraph 1 of the Complaint provide for the types of relief specified in Paragraph 1. Southern Nuclear denies that this lawsuit is properly brought under the federal statutes cited and denies that plaintiff is entitled to the relief referenced in Paragraph 1.

## II. JURISDICTION

2. Southern Nuclear admits that this Court's jurisdiction may properly be invoked under the federal statutes referenced in Paragraph 2 of the Complaint. Southern Nuclear denies that this Court's jurisdiction has properly been invoked in this lawsuit.

3. Southern Nuclear admits that venue is proper under 28 U.S.C. 1391(b) for actions properly brought against it. Southern Nuclear denies that this action is properly filed against it. Southern Nuclear denies the remaining material allegations in Paragraph 3 of the Complaint.

## III. STATEMENT OF ALLEGATIONS

4. Upon information and belief, Southern Nuclear admits the material allegations of Paragraph 4.

5. Southern Nuclear admits the allegations of Paragraph 5.

6. Southern Nuclear denies the allegations of Paragraph 6.

7. Southern Nuclear admits that Plaintiff McDowell was disciplined in August 2005 for harassing a co-worker, failing to follow work instructions and for her lack of loyalty, competitiveness and efficiency after a company investigation. Southern Nuclear denies that management's findings of misconduct by Plaintiff McDowell are limited to her failing to "'greet' a white female co-worker." Southern Nuclear denies the remaining material allegations of Paragraph 7.

8. Southern Nuclear admits that Plaintiff Sanders was disciplined in August 2005 for harassing a co-worker, failing to follow work instructions and for her lack of loyalty, competitiveness and efficiency after a company investigation. Southern Nuclear denies that management's findings of misconduct by Plaintiff Sanders are limited to her failing to "'greet' a white female co-worker." Southern Nuclear denies the remaining material allegations of Paragraph 8.

9. Southern Nuclear admits that Plaintiff McDowell and Plaintiff Sanders received disciplined prior to being terminated. Southern Nuclear denies the remaining material allegations of Paragraph 9.

10. Southern Nuclear denies the allegations of Paragraph 10.

11. Southern Nuclear denies the allegations of Paragraph 11.

IV. CLAIMS FOR RELIEF

12. Southern Nuclear denies that the plaintiffs are entitled to any of the relief requested.

13. Southern Nuclear denies the allegations of Paragraph 13 and denies that the plaintiffs are entitled to any of the relief requested.

14. Southern Nuclear denies the allegations of Paragraph 14 and denies that the plaintiffs are entitled to any of the relief requested.

15. Southern Nuclear denies that the plaintiffs are entitled to any of the relief requested, including the specific relief requested in Paragraph 15.

## DEFENSES

### FIRST DEFENSE

Some or all of the complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Some or all of the claims alleged in the complaint are barred by the applicable statute or statutes of limitations.

### THIRD DEFENSE

The equitable or declaratory relief sought by Plaintiffs is barred by the doctrines of estoppel, laches, or unclean hands.

### FOURTH DEFENSE

Some or all of the claims alleged in the complaint and/or the relief sought are foreclosed because the Plaintiffs have not done equity.

### FIFTH DEFENSE

Plaintiffs have failed to satisfy the administrative prerequisites, jurisdictional or otherwise, to maintaining some or all of the claims asserted.

### SIXTH DEFENSE

The nature and scope of Plaintiff McDowell's claims exceed the scope of her underlying charge filed with the EEOC.

## SEVENTH DEFENSE

All of the decisions and/or actions challenged in the complaint were undertaken for lawful, legitimate, nondiscriminatory, nonpretextual, nonretaliatory reasons.

## EIGHTH DEFENSE

In the alternative to the seventh defense, some or all of the decisions and/or actions challenged as discriminatory in the complaint would have been undertaken even had the Plaintiffs not had the protected status alleged.

## NINTH DEFENSE

Southern Nuclear, in the alternative, states that it did not intentionally, willfully, or maliciously violate any of the statutes or laws set forth in the complaint.

## TENTH DEFENSE

Upon information and belief, Plaintiffs have failed to mitigate their damages, if any.

## ELEVENTH DEFENSE

An award of punitive damages as claimed by Plaintiffs in this case would violate the excessive fines clause of the Eighth Amendment to the United States Constitution and the due process clause of the Fourteenth Amendment to the United States Constitution.

## TWELFTH DEFENSE

The amount of any damages award that the Plaintiffs may recover from Southern Nuclear is subject to the damages caps under 42 U.S.C. § 1981 a(b)(3).

## THIRTEENTH DEFENSE

Southern Nuclear exercised reasonable care to prevent and correct promptly any discriminatory behavior in the workplace, including, but not limited to, having a well-established anti-harassment/discrimination/retaliation policy and providing complainants with several avenues of redress. Plaintiffs unreasonably failed to take advantage of the preventative and corrective measures provided by Southern Nuclear, including, but not limited to, by failing to file a complaint of discrimination and/or by failing to notify management otherwise of any alleged discriminatory behavior.

## FOURTEENTH DEFENSE

Southern Nuclear's actions with respect to Plaintiffs were taken in good faith.

## FIFTEENTH DEFENSE

The punitive damages sought by Plaintiffs are unconstitutional under the Excessive Fines clause of the Eighth Amendment and the Due Process clause of the Fifth Amendment to the United States Constitution. Plaintiffs' claims for punitive damages are barred further because the acts, if any, and omissions, if any, of Southern Nuclear, which are specifically denied, fail to rise to the level required

to sustain a reward of punitive damages; were trivial and isolated; were not motivated by evil intent or discriminatory intent or intent to harm; do not evidence a malicious, known, oppressive, or fraudulent intent to deny Plaintiffs their protected rights or to harass, discriminate or retaliate against Plaintiffs; and are not so wanton or willful as to support an award of punitive damages.

## SIXTEENTH DEFENSE

Any allegedly discriminatory decisions by Southern Nuclear's agents or its employees would have been contrary to Southern Nuclear's good faith efforts to comply with federal law.

## SEVENTEENTH DEFENSE

Southern Nuclear denies all allegations not specifically admitted herein.

## EIGHTEENTH DEFENSE

Southern Nuclear reserves the right to amend its Answer to raise any additional defenses which may become apparent during the discovery process.

Respectfully submitted,

  /s/ Lisa J. Sharp_____
One of the Attorneys for Defendant
Southern Nuclear Operating Company

**OF COUNSEL:**
Lisa J. Sharp (SHA035)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798
E-mail: lsharp@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 2nd day of May, 2006:

Malcolm Newman
P. O. Box 6137
Dothan, Alabama 36302

      /s/ Lisa J. Sharp
      OF COUNSEL