IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANELL MCDOWELL and STEPHANIE SANDERS, ) ) ) | |
| Plaintiffs, ) ) | |
| v.           ) | CIVIL ACTION NO.  1:06cv314-CSC |
| ) SOUTHERN NUCLEAR OPERATING  ) COMPANY, INC.,    ) ) | |
| Defendants.   ) | |

**PROTECTIVE ORDER**

Upon due consideration of the parties' joint motion for a protective order (doc. # 13), and for good cause, it is

ORDERED that the motion for a protective order (doc. # 13) be and is hereby GRANTED.

Pursuant to FED. R. CIV. P. 26(c), and for good cause shown, it is hereby

ORDERED as follows:

1.      *"Confidential" Materials*.  All documents or other tangible things, including, without limitation, audiotapes, videotapes, computer disks, recordings, and photographs, produced by any party to another party in this action, under Rules 26, 30, 33, 34, or 45 of the Federal Rules of Civil Procedure, by agreement of the parties, or otherwise, and that are marked "Confidential" by the producing party shall be treated as "Confidential" materials under this Order.

The Parties acknowledge that there are certain documents in Southern Nuclear's possession that it is prohibited from producing, absent Court Order, pursuant to applicable Nuclear Regulatory Commission Regulations.  If, in the course of this litigation, Southern Nuclear produces such documents in response to a Court Order, it is understood by all parties

that such documents are automatically deemed "Confidential."

2. *Restrictions on Disclosure of "Confidential" Materials.* Except with written prior consent of all parties and non-parties asserting confidential treatment, and except as provided elsewhere in this Order, materials designated "Confidential," and all information contained therein or derived therefrom, may not be disclosed to any person other than:

(a) The parties to this litigation and their employees and agents;

(b) Counsel for the parties in this suit;

(c) Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

(d) Actual or potential deposition or trial witnesses in this action;

(e) Outside consultants and experts retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this suit; and

(f) The Court and court personnel, including stenographic reporters, engaged in such proceedings as are necessary to the preparation or trial of this litigation.

3. *Litigation Use Only.* Except as otherwise provided in this Order or by written stipulation of the Parties, all "Confidential" materials, and all information contained therein or derived therefrom, shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including personal, business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions.

4. *Use of "Confidential" Information in Depositions.* To the extent that any "Confidential" materials or information obtained therefrom is used in the taking of

depositions, or to the extent that any "Confidential" materials or the contents thereof is discussed during a deposition, all such documents and information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with the "Confidential" materials or information. At the time any "Confidential" material is used in any deposition, the reporter will be informed of this Order and will be required to operate in a manner consistent with this Order, and the reporter shall separately label the confidential portions of the deposition transcript.

5.   *Use of "Confidential" Information at Trial*.   Nothing in this Order shall prevent or affect the right of any party to use any "Confidential" information at trial; however, the parties will approach the Court regarding the procedures for handling "Confidential" information prior to the commencement of trial.

6.   *Filing of "Confidential" Information*.   All "Confidential" materials that are filed with the Court that contain any portion of any "Confidential" materials or information taken from any "Confidential" materials shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Protective Order," and a statement substantially in the following form:

> This envelope is sealed and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof displayed or revealed except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

7.   *Review and Use of Own "Confidential" Materials*.   The restrictions of this Order shall not apply to parties or non-parties, and their employees, attorneys, experts or their

authorized agents, when reviewing their own "Confidential" materials. Moreover, nothing in this Order shall prejudice the Defendant's right to make any use of, or disclose to any person, any material it has designated as "Confidential," during the course of its normal business operations, without prior Court Order, or to waive the provisions of this Order with respect to any "Confidential" information.

8. *No Waiver.* The inadvertent or unintentional failure by either party to designate "Confidential" materials properly shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality as to the specific document or information disclosed. Within a reasonable period of time following the producing party's discovery that a document or information was not correctly designated, the producing party shall provide notice in writing or by facsimile transmission to the other parties that the document or information was inappropriately designated. The producing party shall then have seven (7) business days in which to re-designate and produce the properly designated document or information. During the seven days after notice, the document or information shall be treated as "Confidential."

9. *Objections to Designation.* If a party reasonably believes that any document or information should not have been designated as "Confidential," then that party must specify, in writing, to the producing party: (a) the document or information at issue and; (b) the grounds for questioning the confidentiality designation. The party questioning the designation and the producing party must confer in good faith to attempt to resolve the designation without the Court's intervention. Upon written notice to the producing party that the disagreement with respect to the designation cannot be resolved informally, the producing party has ten (10) days to move the Court for a protective order approving the producing party's designation. Until the Court rules, the challenged "Confidential" designation, as

originally marked by the producing party, shall remain in effect. A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude any subsequent challenge.

10. *Third Parties Bound*. No person authorized under the terms of this Order to receive access to "Confidential" materials shall be granted access to such materials unless and until such person has read this Order and agreed to be bound by it.

11. *Notice of Breach*. It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing party and producing parties of such breach or threatened breach.

12. *Notice upon Receipt of a Subpoena*. If any party is served with a subpoena for any documents marked "Confidential," the party served shall give to counsel for the producing party seven (7) days notice, or reasonable notice if the time for compliance with the subpoena is seven days or less after service, before producing any "Confidential" documents demanded in the subpoena.

13. *No Admission*. Nothing contained in this Order, nor any action taken in compliance with it, shall:

(a)    Operate as an admission by any party that a particular document, material, or information is, or is not, confidential;

(b)    Operate as an admission by any party that a particular document, material, or information is, or is not, subject to discovery or admissible into evidence at the trial of this suit.

14. *Non-Termination and Return of Materials*. The provisions of this Order shall continue to apply to all "Confidential" materials and information after this suit has been terminated. Upon termination of this suit, including all appeals, and upon request by the

producing party, any party in possession of "Confidential" materials shall within twenty days return such materials to the producing party, as well as all copies, extracts and summaries of them, except that counsel for each party may maintain in its file one copy of each pleading or other paper filed with the Court. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction.

15. *Interim Protection*. "Confidential" materials produced by any party or non-party through discovery in this suit prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order had already been entered by the Court, unless the Court directs otherwise.

Done this 18th day of October, 2006.

                                /s/Charles S. Coody
                                CHARLES S. COODY
                                CHIEF UNITED STATES MAGISTRATE JUDGE