IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANELLE MCDOWELL and STEPHANIE SANDERS, ) ) ) Plaintiffs, ) ) v. ) ) SOUTHERN NUCLEAR OPERATING COMPANY, ) INC., ) ) Defendant. ) | CIVIL ACTION NO. 1:06-CV-314-CSC |

## DECLARATION OF PAUL R. BIZJAK

1. My name is Paul Bizjak, and I am over the age of majority. I have personal knowledge of the matters in this declaration.

2. I am employed by Southern Nuclear Operating Company as the Safety and Health Manager at the Corporate Headquarters in Shelby County, Alabama.

3. In my capacity as the Safety and Health Manager, I have access to and/or maintain custody over employee medical files and Company policies and guidelines related to medical issues, including those related to employee Fitness for Duty. I routinely advise management regarding these areas. In response to Janell McDowell's and Stephanie Sanders' allegations of discrimination, I have reviewed Company files relating to their allegations and performed an investigation. The following information is based on my personal knowledge, my review of the relevant documentation, and my investigation. Some of the information provided herein is a supplement to the information provided by other supervisors and managers at Southern Nuclear.

4. In or around February 2003, Plant Farley Facilities Helper Chuck Schaule cut down a tree that struck a Facilities vehicle. This incident was investigated by Schaule's supervision. The unoccupied vehicle was safely parked near the tree. Mr. Schaule misjudged the distance for clearance of the felled tree. The incident was not classified as a "vehicle collision" because no one was driving at the time. Additionally, no personal injury resulted from the incident.

5. The Nuclear Regulatory Commission (NRC) regulations and company policy in effect at the time of the incident require fitness for duty "for cause" drug and alcohol test for the following reasons:

    ○   After observed behavior indicating possible substance abuse;

    ○   After accidents involving a failure in individual performance resulting in personal injury;

- o  In a radiation exposure or release of radioactivity in excess of regulatory limits or potential substantial degradation of the level of safety of the plant if there is reasonable suspicion that the employee's behavior contributed to the event;

- o  After observed aberrant behavior;

- o  Or, after receiving credible information that an individual is abusing drugs or alcohol.

6.  The incident involving Mr. Schaule did not qualify for a "for cause" test under the aforementioned reasons for such tests. As such, Schaule was not required to be fitness- for-duty (FFD) tested as a result of the incident.

7.  Below is an excerpt for the Company's relevant Fitness for Duty Guideline:

720-001 FFD Corporate Guideline Excerpt:

FOR-CAUSE

Employees subject to the Fitness-for-Duty Program will be tested following observed behavior indicating possible substance abuse; after accidents involving a failure in individual performance resulting in personal injury; in a radiation exposure or release of radioactivity in excess of regulatory limits or potential substantial degradation of the level of safety of the plant if there is reasonable suspicion that the employee's behavior contributed to the event; after observed aberrant behavior; or after receiving credible information that an individual is abusing drugs or alcohol. Additionally, employees reporting a drug or alcohol-related arrest will be tested for-cause and receive a mandatory Fitness For Duty evaluation to determine their fitness for duty. Corporate Guideline 720-036 describes Mandatory Fitness For Duty Evaluations.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
Paul R. Bizjak
Date: 12/21/2006