IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANELL MCDOWELL and STEPHANIE SANDERS, )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SOUTHERN NUCLEAR OPERATING COMPANY, INC., )<br>)<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>1:06-CV-314-CSC |

## DECLARATION OF LISA A. TULLOSS

1. My name Lisa A. Tulloss, and I am over the age of majority. This declaration is based on my personal knowledge and my review of deposition transcripts and documents produced during the course of discovery in the above referenced action.

2. I am employed by Balch & Bingham, LLP as a Paralegal in the Labor & Employment Practice Group. I have been employed in this capacity since July 1, 2002.

3. In my capacity as a Paralegal, one of my responsibilities is to prepare and serve Freedom of Information Act and Section 83 Requests on the United States Equal Employment Opportunity Commission's District Office in Birmingham, Alabama. In serving these requests, I have frequent contact with Kay Lindsey, Investigator Support Assistant, at the EEOC.

4. On November 2, 2006, Southern Nuclear Operating Company took the deposition of Plaintiff Stephanie M. Sanders. On deposition, Ms. Sanders testified that she had filed a charge of discrimination with the EEOC.

5. On November 3, 2006, I faxed a Section 83 request related to Ms. Sanders' charge to Kay Lindsey. A true and correct copy of my Section 83 request is attached as **Exhibit A**.

6. On November 3, 2006, I received a facsimile letter from Kay Lindsey. Ms. Lindsey stated that "after an extensive search, [she] was unable to determine that a charge [had] been filed with [the] Commission in the Birmingham District Office." A true and correct copy of Ms. Lindsey's November 3, 2006 letter is attached as **Exhibit B**.

7. In my capacity as a Paralegal, one of my responsibilities is to review documents produced by opposing counsel during the course of discovery. On November 27, 2006, we received a packet of documents from counsel for the Plaintiffs in the above referenced action. Included in those documents was a three-page letter that purportedly was sent to the Equal Employment Opportunity Commission on January 22, 2006. A true and correct copy of the January 22, 2006 letter, as well as the facsimile cover sheet accompanying the packet of documents received on November 27, 2006, is attached as **Exhibit C**.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
Lisa A. Tulloss

Date: 12-21-06



**BALCH & BINGHAM LLP**

Alabama • Georgia • Mississippi • Washington, DC

Attorneys and Counselors
1710 Sixth Avenue North
P.O. Box 306 (35201-0306)
Birmingham, AL 35203-2015
(205) 251-8100
(205) 226-8798 Fax
www.balch.com

EXHIBIT A

November 3, 2006

**VIA FACSIMILE (205) 212-2105**
Attn: Ms. J. Kay Lindsey
U.S. Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place
1130 22nd Street South, Ste. 2000
Birmingham, Alabama 35205

      Re:    Stephanie Marie Sanders
             Janell McDowell and Stephanie Sanders   v. Southern Nuclear Operating Company, Inc.
             In The United States District Court for the Middle District of Alabama, Southern Division
             Case No. CV-06-314-CSC

Dear Ms. Lindsey:

    This firm represents Southern Nuclear Operating Company, Inc., in the above-styled charge. A complaint in this case has been filed in the Middle District of Alabama.

    Under Section 83 of the EEOC's Compliance Manual, I would like to receive a **certified** copy of this file. I have enclosed a form Non-Disclosure Agreement along with a copy of the Complaint, and I understand that there may be a charge for copying this file.

    Thank you for your assistance in this matter. If you have any questions, or need any additional information, please contact me at (205) 488-5466.

                                   Sincerely,

                                   Lisa A. Tulloss
                                   Lisa Tulloss
                                   Paralegal to Lisa J. Sharp

lat
Enclosures

cc: Ms. Lisa J. Sharp
    Mr. Brent T. Cobb

871947.1

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## AGREEMENT OF NONDISCLOSURE

Pursuant to Section 705g(1) of Title VII, the EEOC shall have power to cooperate with private individuals in order to accomplish the purposes of Title VII. This same authority also applies to actions under the Americans with Disabilities Act.

### PERSON REQUESTING DISCLOSURE

| CHARGING PARTY | X RESPONDENT | AGGRIEVED PERSON ON WHOSE BEHALF CHARGE IS FILED | AGGRIEVED PERSON IN COMMISSIONER CHARGE | NAMED PARTY IN CLASS ACTION |
|---|---|---|---|---|

**ATTORNEY REPRESENTING**

| ☐ CP | X RESPONDENT | ☐ AGGRIEVED PERSON ON WHOSE BEHALF CHARGE IS FILED | ☐ AGGRIEVED PERSON IN COMMISSIONER CHARGE | ☐ NAMED PARTY IN CLASS ACTION |
|---|---|---|---|---|

**CHARGE NUMBER(S) OF FILE(S) TO BE DISCLOSED**

Don't have one

## STATEMENT

I __Lisa A. Tulloss__, request disclosure of Commission case file(s) in
(Typed name)

connection with contemplated or pending litigation. I agree that the information disclosed to me will not be made public or used except in the normal course of a civil action or other proceeding instituted under Title VII or the Americans with Disabilities Act involving such information.

In witness whereof, this agreement is entered into as of the __3rd__ day of __November__ 20 __06__ by the Equal Employment Opportunity Commission representative named below and the person requesting disclosure.

_Lisa A. Tulloss_ (205) 488-5466
*Person requesting disclosure (Signature and telephone number/area code)*

__Balch & Bingham, LLP, 1710 6th Avenue North, Birmingham, Alabama 35203__
*Complete address*

_____
*EEOC representative (Signature and title)*

EEOC FORM 167 (10/94)

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2006 APR -7  A 9: 51

| | | |
|---|---|---|
| JANELL MCDOWELL AND STEPHANIE SANDERS | * | |
| PLAINTIFFS, | * | |
| VS. | * | CASE NO.: 1:06cv314-CSC |
| SOUTHERN NUCLEAR OPERATING COMPANY, INC. | * | A TRIAL BY JURY IS REQUESTED |
| DEFENDANT. | * | |

## COMPLAINT

### I.    INTRODUCTION

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through the Civil Rights Act of 1866, as amended by Section 101 of the Civil Rights Act of 1991, and codified as 42 U.S.C. Section 1981, and 42 U.S.C. 2000e, which provide for relief from racial discrimination in employment.

### II.    JURISDICTION

2. Jurisdiction of this Court in invoked pursuant to 28 U.S.C. Sections 1331, 1343(4); 28 U.S.C. Sections 2201 and 2202.

3. The unlawful employment practices alleged herein below were committed by the Defendant within Houston County, Alabama. Venue is proper under 28 U.S.C. Section 1391(b).

### III.  STATEMENT OF ALLEGATIONS

4. Plaintiffs are black females and residents of the Middle District of Alabama living in Dale and Houston County and over the age of 19 years;

5. Both Plaintiffs were employed by the Defendant in the Maintenance Department at the Farley Nuclear Plant in Houston County, Alabama;

6. Beginning in the Summer of 2005, both Plaintiffs began to experience disparate treatment by their supervisor;

7. Plaintiff McDowell was accused of creating a hostile work environment because she did not "greet" a white female co-worker;

8. Plaintiff Sanders was accused of harassment by management for not "greeting" or talking to this same white female co-worker;

9. Both Plaintiffs were disciplined for their "behavior" before they were ultimately terminated;

10. The Plaintiffs were disciplined for this "infraction" while whites committed more egregious conduct and were not disciplined at all.

11. The Defendant maintains a racially hostile environment where whites are not punished for serious offenses but blacks are punished for minor or imagined offenses.

### IV.  CLAIMS FOR RELIEF

12. Plaintiffs request that the Defendant be ordered to permanently cease and desist from all race discrimination in employment;

13. Plaintiffs claim that the Defendant's conduct has caused them pain,

humiliation, suffering and financial loss for which they seek compensatory damages of $4,000,000.00 (four million dollars);

14. Plaintiffs seek punitive damages of $1,000,000.00 (one million dollars) from this Defendant in that it knew or should have known that its actions were violations of long standing law and purposefully pursued this unlawful course.

15. Any and all other relief, including attorney's fees and costs to which they may be entitled.

Malcolm R. Newman, Attorney, P.C.

*[signature]*

Malcolm R. Newman (NEW017)
Attorney for Plaintiff
P.O. Box 6137
Dothan, Alabama 36302
(334) 792-2132
ASB-2826-M39M



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Birmingham District Office

Ridge Park Place
1130 22nd Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

November 3, 2006

**VIA FAX ONLY**

Lisa A. Tulloss
BALCH & BINGHAM, LLP
Post Office Box 306
Birmingham, AL 35201

EXHIBIT
B

Dear Ms. Tulloss:

I am in receipt of your request for a copy of the above-mentioned file under Section 83. After an extensive search I am unable to determine that a charge has been filed with Commission in the Birmingham District Office styled <u>Stephanie Marie Sanders v. Southern Nuclear Operating Company, Inc.</u>

If we can assist you further, please do not hesitate to contact us.

Sincerely,

Kay Lindsey
Investigator Support Assistant

219 W. CRAWFORD ST.
P.O. BOX 6137
DOTHAN, AL. 36302


MALCOLM R. NEWMAN,
ATTORNEY, P.C.

Phone: (334) 792-2132
Fax: (334) 671-8341


EXHIBIT
C

## Fax Transmittal Form

To: Lisa Sharp

From: **MALCOLM R. NEWMAN**

Phone:
Fax: 205-226-8798

Phone: (334) 792-2132
Fax: (334) 671-8341

Urgent
For Review
Please Comment
Please Reply

Number of pages including cover: 3

Date: 11-27-2006

**Message:**

Please find attached information you requested/

Thanks,

Jonah R. Phelps

**CONFIDENTIALITY NOTICE:** THE MATERIALS ENCLOSED WITH THIS FACSIMILE TRANSMISSION ARE PRIVATE AND CONFIDENTIAL. THE INFORMATION CONTAINED IN THE MATERIAL IS PRIVILEGED AND IS INTENED ONLY FOR THE USE OF THE INDIVIDUAL(S) OR ENTITY(IES) NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, BE ADVISED THAT UNAUTHORIZED USE, DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE TO ARRANGE FOR RETURN OF THE FOWARDED DOCUMENTS TO US.

RECEIVED
NOV 2 7 2006

<u>Stephanie M. Sanders</u>

Dothan, AL

Equal Employment Opportunity Commission
1130 22nd Street, South
Suite 2000
Birmingham, AL 35205

January 22, 2006

Dear EEOC Representative:

My name is Stephanie Marie Sanders and I am a thirty-eight year old African-American female residing in Dothan, Alabama. I worked for Farley Nuclear Plant for five and one half years. I am filing this complaint with your establishment for being singled out, labeled, retaliated against, discriminated against and maliciously discharged by management at Farley Nuclear Plant.

In 2005, I signed a rotating work schedule that put me on a crew with a co-worker Phyllis Hughes. Phyllis and another co-worker, Tammy Caldwell had prior differences. An incident between Phyllis and Tammy occurred that led Tammy and management to call corporate headquarters to resolve the issue. Shortly afterwards, Sharon Bestwick (corporate Human Resources Representative) initiated a bias investigation. I was summons to answer some broad questions in the investigation thinking that I was a witness for Phyllis Hughes, not knowing and finding out the true reason until after I was discipline.

On August 17, 2005, I was called to the office. Also present were Jim Parrish (Maintenance Facilities Manager), Debra Crutchfield (Maintenance Facilities Supervisor) and Don Hunter (Union Representative). Mr. Parrish indicated that he was calling this meeting to administer a written discipline for not speaking to Tammy Caldwell. He indicated that this was a form of harassment. Throughout the course of the meeting, I was very persistent in stating that I had not harassed anyone. Shortly after, Jim Parrish stopped the meeting to contact Randy Johnson (Plant Manager) to get direction on how

to proceed with the discipline. After several unsuccessful attempts to contact Randy Johnson, Chere Johnson (Farley's Human Resource Manger) gave Jim Parrish several examples that she felt were forms of harassment.

Example 1: If I was in a room and stopped talking if a certain person walked in.

Example 2: If I was out in the smoke area talking about someone to someone else.

I still maintained that I had not harassed anyone. As a matter of fact, I spoke to Tammy when it was pertaining to work related issues and no harsh words were ever exchanged. I tried to explain to management that Tammy chose to alienate herself from the group, so how then could they discipline people for not speaking to her. Jim Parrish stated that this was determined in Sharon Bestwick's investigation and that we were not there to dispute the decision.

Prior to this incident, Tammy was reported and investigated for bringing in an inappropriate cake to work for a male co-worker.. Because of this she stated that she did not trust anyone but her aunt (Jennifer White) who also is employed at Farley Nuclear Plant. Therefore, she alienated herself from the rest of the group.

Previous to this incident, I had nothing but good evaluations and letters of praises in my file. In spite of being singled out and harassed in the past I still came to work and did my job. During the time that Don Grissette was Plant manager it was discovered and admitted that I was being singled out and harassed. Management later apologized for the treatment, but I was already labeled. Their excuse at that time was they were going on their perception of me. This is however, a company that claims to promote diversity and fairness.

On August 30, 2005, my brother unexpectedly passed away at the age of twenty-seven. I was out for a while after he passed away. Shortly after I returned to work I became ill and was out again for a while. While out several co-workers called me to inform me that my foremen were yet again investigating my work activities and me. I learned that John Wright (Facilities Foreman) was pulling my sheets for a duty called fire watch. I

~~decided that with tragedy of losing my brother, my mother being~~ hospitalized, me being ill and management harassing me was more than I could handle; therefore I would resign from Farley Nuclear Plant. It was evident that I was still being singled out and harassed.

I called Deborah Crutchfield for a fax number to send in my resignation. She gave me a number to Brenda Singletary's office (Admin Assistant). I later learned that they did not accept my letter of resignation because I did not sign it. However, when I spoke to Deborah Crutchfield she was advised that I was resigning and she accepted my resignation via the telephone. Yet they terminated me. I feel this act was nothing but malicious.

Thank you in advance for looking into this matter.

Sincerely,


Stephanie M. Sanders