### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JANELL McDOWELL and | ) | |
| STEPHANIE SANDERS | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:06-cv-314-C |
| SOUTHERN NUCLEAR | ) | |
| OPERATING COMPANY, INC. | ) | |
| | | |
| DEFENDANT. | | |

### ANSWER TO MOTION FOR
### SUMMARY JUDGMENT

Comes now the Plaintiffs, Janell McDowell and Stephanie

Sanders and answer the Defendant's Motion for Summary

Judgment as follows:

I.    Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure,

Summary Judgment is appropriate "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as

a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it beard the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by

her own affidavits, or by the 'deposition, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586(1986). One the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

II.    Undisputed Facts

    1.    Janell McDowell was terminated by the Defendant on September 16, 2005. Plaintiff Sanders was terminated on November 1, 2005. (Exs F and I ).

2.      Common to both as a reason for their termination was that they had created a "hostile" work environment.

3.      Prior to their terminations, both had generally been regarded as good employees.

4.      In July 2005, a white female complained to management that she felt the workplace was "mean and hostile" towards her.  (Ex. K).

5.      Approximately one month later McDowell was placed on a DML – allegedly for creating a "hostile" work environment.

6.      And two months after the complaint by the white female, McDowell was terminated.

7.      The white female who complained, Tammy Caldwell, had previously committed workplace violations with no adverse consequences. (Exs. A, pgs 60-66 ; B, pgs 76-79)


III    Discussion

This lawsuit is yet another replay of that time-honored Southern theme of "who hangs when a white woman feels threatened?" And while there are no bodies hanging from a tree, the careers of Janell McDowell and Stephanie Sanders are dead just the same.  There is no evidence that McDowell or Sanders in

any way did anything that warranted their termination other than be black and not be "happy" and "grateful" to be allowed to work at a good-paying job.

The thrust of Plaintiff's Complaint is simply that they were fired for conduct deemed a violation while Tammy Caldwell (and Jennifer White) as white women engaged in far more egregious conduct but suffered no repercussions.  Nothing is more repugnant that punishing non-whites for minor offenses (or no offenses) when giving a pass to whites – purely because of race.  There is no evidence that Caldwell was a more valuable employee than Janell McDowell or Stephanie Sanders on any basis that could explain the punishment disparity.

This Court must decide whether a reasonable fact-finder could conclude that the Defendant was in part motivated by racial animus to terminate the Plaintiffs.  The work histories of both would indicate they were good workers.  The record will reflect that the Defendant had no issue with them until Tammy Caldwell said she felt hostility.  None of the other pre-textual "reasons" for their terminations are documented prior to Caldwell's complaint. Given that a reasonable jury could very well conclude that both terminations were disproportionate to the complete lack of

discipline meted out to Caldwell for her workplace violations – and motivated by the race of the alleged violators.

The Defendant's credibility is further compromised given the inconsistent statements/reasons offered at various times for its decision to terminate. Consider Exhibit D wherein Debra Crutchfield details the reasons for her recommendation that McDowell should be fired. She opens with a re-hash of the DML of 08-16-05 and then proceeds to address only McDowell's failure to interact with co-workers or supervisors. There is absolutely no discussion of "lack of loyalty, competitiveness and efficiency" (whatever these concepts mean in the context of a helper at a nuclear power plant. Was McDowell being disloyal by visiting a coal-fired plant?); nothing about how she failed to follow work instructions.

Yet in the termination memo of 09-16-05 (Ex. E) she is also terminated (it seems) for (1) showing no interest; (2) disrespect to management and (3) improper acknowledgment of work assignments. The jist of this is that this Defendant's own documents are not worthy of trust on the question of what motivated the Plaintiffs' terminations. This Court need only look

6

to <u>Damon v. Fleming Supermarkets of Florida</u>, 196 F.3d 1354 (11th Cir. 1999), for how it should view these "afterthought reasons". Swapping assignments would clearly have been known before August 2005 but it wasn't an "issue" until Caldwell became uncomfortable.

At McDowell's exit meeting with Plant Manager Randy Johnson, there was no discussion of any of these other alleged reasons for her termination, but a focus solely on how McDowell, black female, made Tammy Caldwell, white female, uncomfortable and thus McDowell had to go. (Ex. A, pgs 21-22)

## CONCLUSION

The moving party here has failed to meet its burden of presenting indisputable evidence that the material facts warrant Summary Judgment; that no controversy, factual controversy, exists. An there is ample evidence that its proffered evidence is not trustworthy on that core issue. In fact, just the opposite is true. The record will provide the fact-finder abundant, credible evidence that McDowell and Sanders have no employment future because at Farley Nuclear Plant, when a white woman is not "comfortable",

someone has to pay. Especially if that white woman will show

some thong and has a sexually creative sweet-tooth.

Plaintiffs urge this Court to deny the Motion and allow the

Defendant to experience Due Process.


Malcolm R. Newman, Attorney, PC

/s/ Malcolm R. Newman
Malcolm R. Newman
Attorney for Plaintiffs
P.O. Box 6137
Dothan, Alabama 36302
(334)792-2132
ASB-2826-M39M


## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2007, I electronically filed the
foregoing with the Clerk of the Court using the CM/ECF system,
which will send notification of such filing to the following:

Lisa J. Sharp
Balch & Bingham, LLP
Post Office Box 306
Birmingham, AL. 35201-0306


/s/ Malcolm R. Newman
Malcolm R. Newman

8