IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANELL MCDOWELL and STEPHANIE SANDERS, ) ) ) Plaintiffs, ) ) v. ) ) ) SOUTHERN NUCLEAR OPERATING ) COMPANY, INC., ) ) Defendant. ) | CIVIL ACTION NO. 1:06-CV-314-CSC |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF SUMMARY JUDGMENT**

Defendant Southern Nuclear Operating Company, Inc. ("Southern Nuclear"), files this reply brief in support of its previously filed Motion for Summary Judgment (Docs. 17-19) and in response to Plaintiffs' Opposition thereto. (Docs. 25-34). In reply thereto, Southern Nuclear shows as follows:

1.   Plaintiffs' Opposition, which contains barely five pages of facts and argument, wholly fails to contest the facts presented and arguments raised in Southern Nuclear's initial brief. For example, Plaintiffs offer little to no admissible evidence to dispute Southern Nuclear's twenty-five page Statement of Facts. More specifically, Plaintiffs present no evidence to dispute facts such as: (1) Plaintiffs were initially disciplined as the result of an extensive investigation; (2) a white employee was actually discharged as a result of the investigation; and (3) they were discharged only after subsequent events, which they have not disputed, occurred. Moreover, Plaintiffs fail to show how they are similarly situated to the alleged comparators, Tammy Caldwell and Jennifer White. Finally, Plaintiffs completely fail to offer any evidence to show

that Southern Nuclear's articulated reasons were pretextual.  In short, Plaintiffs' Opposition in no way creates, and in many respects does not even attempt to create, a genuine issue of material fact such that summary judgment should be denied.  This is particularly true with respect to Plaintiff Sanders, whose claims are all but abandoned.[1]

2. Out of an abundance of caution, however, Southern Nuclear will clarify several points raised by Plaintiffs to ensure that the record is clear.  First, Plaintiffs claim that they were both terminated for creating a hostile work environment.  See Opposition at 4, ¶ 2.  This statement, which is not supported with a citation to the record, is simply incorrect.  Both Plaintiffs were *initially disciplined* for, among other things, creating a hostile work environment with respect to Tammy Caldwell and Jennifer White.  See Initial Brief at 10-13.  However, McDowell was subsequently terminated because her continued attitude problems did not meet management's expectations under the terms of her DML, not because she created a hostile work environment towards White or Caldwell.  Id. at 13-15.  Sanders was discharged for job abandonment.  Id. at 16-17.

3. Similarly untrue is Plaintiffs' statement that at McDowell's "exit meeting" Plant Manager Randy Johnson focused solely on the hostile environment allegations.  See Opposition at 7.  Plaintiffs' own Exhibit A belies this contention.  First, the referenced meeting with Johnson occurred when McDowell was issued the DML, not when she was discharged.  See Opposition Ex. A at 21, Depo. Page 0054:17-0055:3.[2]  Moreover, on the very deposition pages cited by Plaintiffs, McDowell admits that during the DML meeting Randy Johnson referenced her

---

[1] Plaintiffs' failure to present disputed facts or cogent arguments is even more telling in light of the fact that Plaintiffs were given an additional seven days to file their eight-page Opposition.  See Doc. 24.

[2] Randy Johnson was not present at the termination meeting.  See Crutchfield Decl. at ¶ 22.

2

swapping job assignments, in addition to her creating a hostile environment, as a basis for her discipline. Id. at 21, Depo Page 0055:3-12.

4.  Finally, Southern Nuclear has never presented inconsistent reasons for its decisions regarding these Plaintiffs. See Opposition at 6. The two exhibits cited by Plaintiffs list the exact same series of events: McDowell was placed on DML, yet she failed to follow through with her DML commitments as evidenced by the August 24, 2005 and September 9, 2005 meetings. Therefore, her employment was terminated. Granted, Exhibit D is more detailed, but this is to be expected given the nature of document, i.e., a recommendation that an employee be discharged.[3] Plaintiffs are merely grasping at straws.

5.  In light of the foregoing, as well as those reasons presented in its initial brief, Southern Nuclear respectfully requests that the Court grant summary judgment in its favor on all of Plaintiffs' claims.

Respectfully submitted this 24th day of January, 2007.

/s/ Brent T. Cobb
One of the Attorneys for Defendant,
Southern Nuclear Operating Company, Inc.

**OF COUNSEL:**

Lisa J. Sharp (SHA035)
Brent Cobb (COB020)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

---

[3] Exhibit E is not a "termination memo." Rather, it is a discussion guide that was to be used by management at the termination meeting. See Crutchfield Decl. at ¶ 22.

3

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following this the 24th day of January, 2007:

Attorney for Plaintiffs
Malcolm Newman
Post Office Box 6137
Dothan, Alabama 36302
(334) 792-2132 Telephone
Email: mnewman470@aol.com

Respectfully submitted,

/s/ Brent T. Cobb
Lisa J. Sharp (SHA035)
Brent Cobb (COB020)
Attorney for Defendant, Southern Nuclear Operating Company
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 488-5708
E-mail: lsharp@balch.com
bcobb@balch.com