RECEIVED

2007 NOV 16  A 10: 54

DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

November 15, 2007

**Appeal Number: 07-10943-BB**
Case Style: Janell McDowell v. Southern Nuclear Operating
District Court Number: 06-00314 CV-C-S

TO:  Debra P. Hackett

CC:  Malcolm R. Newman

CC:  Brentley Tyler Cobb

CC:  Lisa Johnson Sharp

CC:  Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

For rules and forms visit
www.ca11.uscourts.gov

November 15, 2007

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY AL 36104-4055

**Appeal Number: 07-10943-BB**
Case Style: Janell McDowell v. Southern Nuclear Operating
District Court Number: 06-00314 CV-C-S

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
  Original Exhibits, consisting of: Two Folders
  Original record on appeal or review, consisting of: One Volume

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Will Miller (404) 335-6194

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 07-10943

District Court Docket No.
06-00314-CV-C-S

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Oct 17, 2007

THOMAS K. KAHN
CLERK

JANELL MCDOWELL,
STEPHANIE SANDERS,

    Plaintiffs-Appellants,

versus

SOUTHERN NUCLEAR OPERATING COMPANY, INC.,

    Defendant-Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: /s/
Deputy Clerk
Atlanta, Georgia

-----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Alabama
-----------------------------------------------------------------

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

    Entered: October 17, 2007
For the Court: Thomas K. Kahn, Clerk
    By: Harper, Toni



ISSUED AS MANDATE
NOV 1 5 2007
U.S. COURT OF APPEALS
ATLANTA, GA



[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 07-10943
Non-Argument Calendar

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 17, 2007
THOMAS K. KAHN
CLERK
```

D. C. Docket No. 06-00314-CV-C-S

JANELL MCDOWELL,
STEPHANIE SANDERS,

Plaintiffs-Appellants,

versus

SOUTHERN NUCLEAR OPERATING COMPANY, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Alabama

**(October 17, 2007)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Appellants Janell McDowell and Stephanie Sanders, two African-American females, appeal the district court's grant of summary judgment to their former

employer, Southern Nuclear Operating Company, Inc. ("Southern Nuclear"), in their employment discrimination lawsuit, alleging disparate treatment based on race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. Appellants argue that the district court erred by entering summary judgment after finding that because Appellants had not identified a similarly situated employee who had been treated more favorably, they had not established a prima facie case of discrimination. After careful review, we affirm.

We review a grant of summary judgment de novo, considering all the evidence in the light most favorable to the nonmoving party, and making all reasonable inferences in his favor. Brooks v. County Com'n of Jefferson County, Ala., 446 F.3d 1160, 1162 (11th Cir. 2006); Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999). Summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Title VII makes it unlawful for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-2(a). Because Appellants rely on circumstantial evidence to establish their disparate-treatment claim, we test the sufficiency of that claim by applying the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981). See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc).

Under the McDonnell Douglas framework, a plaintiff first must show an inference of discriminatory intent, and thus carries the initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. In a disparate-treatment case like this one, to satisfy her prima facie burden, a plaintiff must show: (1) she was a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside her protected class. See Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dept. of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1289 (11th Cir. 2003); Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (per curiam).[1]

---

[1] Section 1981 guarantees all individuals "equal benefit of all laws" regardless of race, and specifically, it protects individuals against employment discrimination based on race. 42 U.S.C. § 1981(a); see also Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 459 (1975). When a litigant asserts claims under both Title VII and §1981, the statutes "have the same requirements of proof and

The plaintiff's successful assertion of a prima facie case "creates a rebuttable presumption that the employer unlawfully discriminated against her." E.E.O.C. v. Joe's Stone Crab, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002) (citing U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 714 (1983)). If the plaintiff successfully demonstrates a prima facie case, the burden then shifts to the employer to produce evidence that its action was taken for a legitimate, non-discriminatory reason. See Joe's Stone Crab, 296 F.3d at 1272. "Should the employer meet its burden of production, the presumption of discrimination is rebutted, and the inquiry 'proceeds to a new level of specificity,' in which the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination." Id. at 1272-73 (quoting Burdine, 450 U.S. at 255-56). "Although the intermediate burdens of production shift back and forth, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff." Id. at 1273.

The district court found that Appellants did not satisfy their initial burden to establish a prima facie case of discrimination. Again, to do so, a plaintiff must show: (1) she was a member of a protected class; (2) she was qualified for the

---

use the same analytical framework." Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998).

position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside her protected class. See Maynard, 342 F.3d at 1289. The instant appeal concerns only the fourth element of the prima facie case.

"In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Holifield, 115 F.3d at 1562. To show that employees are similarly situated, the plaintiff must establish that the employees are "similarly situated in all relevant respects." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004). The comparator must be "nearly identical" to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer. Id.

Here, the district court properly granted summary judgment because Appellants were unable to show that other, non-minority, employees were similarly situated but treated more favorably by their employer, and therefore they could not establish a prima facie case of discrimination. Following allegations by two employees that McDowell and Sanders had created a hostile work environment, Southern Nuclear conducted an investigation and concluded that both McDowell and Sanders had committed this misconduct, and they were disciplined

5

accordingly. McDowell was subsequently terminated because she failed to improve her attitude, and Sanders was later terminated for job abandonment. The alleged comparators did not participate in any conduct that was considered to create or promote a hostile work environment, and therefore are not similarly situated for purposes of the fourth prong of a prima facie case. Accordingly, Southern Nuclear was entitled to summary judgment.[2]

**AFFIRMED.**

*A True Copy - Attested*
*Clerk U.S. Court of Appeals,*
*Eleventh Circuit*
*By: [signature]*
*Deputy Clerk*
*Atlanta, Georgia*

---

[2] We DENY Southern Nuclear's motion for attorneys' fees, filed pursuant to Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1927. Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Under 11th Circuit Rule 28-1(i), a party's brief must contain a proper statement of facts, which means that it must "state the facts accurately, those favorable and unfavorable to the party." Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

In Schwartz v. Million Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003), we held that in order "to justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. See McMahan v. Toto, 256 F.3d 1120, 1128 (11th Cir. 2001). This Court noted that "bad faith" is the touchstone of an award of sanctions, and "[a] determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim." Schwartz, 341 F.3d at 1225.

In this case, Appellants' conduct does not rise to the level of bad faith and unreasonable and vexatious conduct required by § 1927 and the case law of this circuit. Schwartz, 341 F.3d at 1225. Though their claims failed on summary judgment because they did not present evidence of a proper comparator, McDowell and Sanders filed an appeal challenging this decision based on their belief that two former co-workers were proper comparators. In short, this does not evidence knowingly or recklessly pursuing a frivolous claim. Schwartz, 341 F.3d at 1225. Thus, Southern Nuclear is not entitled to attorneys' fees and costs in defending against this suit on appeal.